Grieble, Appellant, *v.* City of Pittsburgh et al.

Argued April 22, 1932. Be-
fore TREXLER, P. J., GAWTHROP, CUNNINGHAM, BALD-
RIGE, STADTFELD and PARKER, JJ.

*Henry Kauffman,* and with him *Louis Little,* for appellant.

*Harry Diamond,* Asst. City Solicitor and with him *Chas. A. Waldschmidt,* City Solicitor, for appellee.

OPINION BY BALDRIGE, J., July 14, 1932:

The court below overruled a demurrer and entered judgment in favor of the defendants in a mandamus proceeding to compel the payment of a pension to the plaintiff.

On the 5th of January, 1903, the City of Pittsburgh enacted an ordinance creating the Firemen's Disability Board (later changed to Firemen's Pension Fund Board), establishing a fund for the care, maintenance and relief of the aged, retired, disabled, or injured employees of the bureaus of fire and electricity, and providing the mode and manner of payment to beneficiaries, etc. The ninth section of the ordinance reads as follows: "Any member or employe ...... who shall have served for twenty years ...... may under the regulations hereinafter prescribed withdraw upon his written application ...... and shall receive thereafter a monthly pension equal in amount to one-half of the salary paid ...... provided further that the claim of any applicant ...... shall not be altered, amended or pension interfered with by any amendments to this ordinance or otherwise except upon written agreement of the applicant with this association and by a majority vote of the Firemen's Disability Board ......"

Section 9, paragraph 5, of another ordinance enacted December 20, 1924, provides as follows: "Any person obtaining pension from the City of Pittsburgh, through the firemen's pension fund, who may obtain employment in the service of the United States Government,

or the State of Pennsylvania, or the County of Allegheny, or any subdivision of the service of the City of Pittsburgh, shall forfeit his pension with the firemen's pension fund during the time of such employment.'' On December 24, 1924, the Firemen's Disability Board of Pittsburgh, by a majority vote, altered the ordinance approved January 5, 1903, in accordance with section 9 of that ordinance. On March 19, 1925, appellant, in writing, accepted the provisions of the ordinance of December 20, 1924. This ordinance was amended the 14th of May, 1925, by adding a proviso that it should not apply to members who have retired prior to January 1, 1925. Reference was made thereto, but, in our judgment, the amendment has nothing to do with the present issue.

On December 1, 1928, the appellant retired from the service of the City of Pittsburgh, after having been in the fire department since May 1, 1905; and thereupon entered the employment of the County of Allegheny in the department of Superintendent of Buildings.

The question for determination is whether the 1924 ordinance was valid and binding as to this appellant. If so, he, as an employee of the county, is not entitled to a pension until he ceases work.

It is true, as appellant contends, that there was no averment in the return or in the two amended returns of any express consideration passing to the appellant for the acceptance by him of the ordinance of 1924. Such an averment was not necessary. The original contract was based on a sufficient consideration and provided, as stated above, that it could be altered or amended by a majority vote of the board. The changes made were in compliance with its express provisions. The original contract remained in existence. It is this very contract under which the appellant is now claiming. There is no contention of any misrepresentation, or other fraud, accident or mistake

that would vitiate the writing of this appellant. The appellant agreed to the terms of the contract as we now find it, and he must be bound thereby. Therefore, he is not entitled to a pension under the pleadings in this case.

Judgment is affirmed.